UNITED STATES DISTRICT COURT  FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

| JUNIOR A. TOMLINSON, | |
|---|---|
| Plaintiff, | MEMORANDUM |
| - versus - | AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | 11-CV-2477 |
| Defendant. | |

A P P E A R A N C E S

    LAW OFFICES OF HARRY J. BINDER AND CHARLES E. BINDER, P.C.
        60 East 42nd Street, Suite 520
        New York, New York 10165
    By:    Eddy Pierre Pierre
        *Attorney for Plaintiff*

    LORETTA LYNCH
        United States Attorney
        Eastern District of New York
        271 Cadman Plaza East, 7th Floor
        Brooklyn, New York 11021
    By:    Arthur Swerdloff
        *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

        Junior A. Tomlinson brings this suit against the Commissioner of Social Security ("Commissioner") challenging the Commissioner's determination that Tomlinson is ineligible for Social Security Disability Insurance ("SSD") or Supplemental Security Income ("SSI") because he is not disabled. The Commissioner admits error, and I vacate the Commissioner's determination and remand for reconsideration of whether Tomlinson is disabled. Tomlinson's application for a remand solely for the calculation of benefits is denied.

BACKGROUND

        According to the undisputed pleadings of the parties, Tomlinson applied for SSD and SSI on April 13, 2007. Compl. ¶ 6. Tomlinson's applications were denied, and he timely

requested and received a hearing before an Administrative Law Judge ("ALJ").  Compl. ¶¶ 7-9.  After the hearing, the ALJ issued a written decision on September 17, 2009, finding that Tomlinson was not disabled and was therefore unentitled to SSD and SSI.   Compl. ¶ 10.  Tomlinson timely requested that the Social Security Appeals Council ("Council") review the ALJ's decision, but the Council denied the request on March 31, 2011, Compl. ¶¶ 11-12, rendering the ALJ's decision the final decision of the Commissioner.

On May 23, 2011, Tomlinson initiated this action, charging that the ALJ's decision was not supported by substantial evidence and was otherwise erroneous.  In a motion for judgment on the pleadings, the Commissioner conceded that the ALJ's decision rested upon factual errors, which the Commissioner believes warrants a remand to the ALJ for reconsideration of whether Tomlinson is disabled and entitled to benefits.  Tomlinson agrees that the ALJ's decision was flawed -- for reasons beyond those the Commissioner identifies -- but contends that the appropriate remedy is for the Court to remand to the Commissioner solely for the calculation of benefits.

DISCUSSION

Because the parties agree that the decision on review should not stand, the only issue before me is whether I should remand to the ALJ for reconsideration of whether Tomlinson is disabled or solely for the calculation of benefits.  If no purpose would be served by remanding for reconsideration, or if an ALJ's behavior hints of bad faith, I may remand solely for the calculation of benefits.  *See Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004); *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *Balsamo v. Chater*, 142 F.3d 75, 82 (2d Cir. 1998).  If, however, remand for reconsideration might be useful because the ALJ applied an improper legal standard, because there are gaps in the administrative record, or for some other reason, I

may remand for reconsideration of whether Tomlinson is disabled. *See Butts*, 388 F.3d at 387; *Williams v. Apfel*, 204 F.3d 48, 50 (2d Cir. 1999).

To determine whether someone is disabled for purposes of SSD and SSI, an ALJ must engage in a five-step analytical process. First, the ALJ must determine whether the applicant for benefits is engaging in substantial gainful activity; if so, he is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, the second consideration is whether the applicant has any severe impairments that significantly limit his ability to do basic work activities; if not, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If his impairments are severe, the third step is to ascertain whether the impairments meet or equal any impairment listed in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the applicant is deemed disabled; if not, the analysis proceeds to steps four and five. *Id.* At steps four and five, the ALJ must ascertain the applicant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). If his RFC allows him to perform his past work (step four) or any other jobs available in the national economy given his vocational factors (step five), he is not disabled; otherwise, he is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(f)-(g), 416.920(f)-(g).

Here, the ALJ found that Tomlinson was not working and that he had severe impairments but that those impairments did not meet or equal any of the impairments listed in the regulations. The ALJ thus proceeded to consider Tomlinson's RFC, as part of her analysis for steps four and five. The Commissioner agrees that in determining Tomlinson's RFC, the ALJ made two factual errors. Tomlinson urges that the ALJ made additional errors at the same stage, including misapplying the treating physician rule and failing to properly consider Tomlinson's psychological impairments.

Given the acknowledged errors underlying the ALJ's determination of Tomlinson's RFC, the ALJ's determination that Tomlinson was not disabled was unsupported by substantial evidence and must be vacated. If Tomlinson has correctly identified additional errors in the ALJ's RFC determination -- a question I do not reach -- these errors compel the same result. However, my conclusion that the ALJ's decision is defective does not warrant remanding solely for the calculation of benefits in the present circumstances. Because I am not prepared at this stage to conclude that the only reasonable outcome -- that is, that the only decision which the ALJ could make that would be supported by substantial evidence -- is a finding of disability, a remand solely for the calculation of benefits is not appropriate.

More specifically, whether at step five Tomlinson should be found disabled depends on the specific contours of Tomlinson's RFC. However, the factual record regarding Tomlinson's RFC is both complex and equivocal. Furthermore, Tomlinson's memoranda do not address whether there might be multiple reasonable decisions that the ALJ could make concerning Tomlinson's RFC and whether such RFC determinations could support different determinations at step five.[1] Thus, in light of the record before me, I am not able to declare that all possible assessments of Tomlinson's RFC that the ALJ reasonably could make would compel a finding at step five that Tomlinson is disabled. In other words, whether a step-five finding in Tomlinson's favor is the only reasonable finding depends on precisely what the ALJ finds to be

---

[1] Tomlinson's memoranda are not particularly informative on either the question of what range of determinations regarding Tomlinson's RFC would be permissible or the question of whether, given any permissible determination of Tomlinson's RFC, Tomlinson should be found disabled at step five. These are the central questions that inform whether it would serve any purpose to remand this case for reconsideration to the ALJ or whether, in light of the record, only one outcome could be upheld on review. Further adding to the confusion, although Tomlinson asks the Court to order a remand only for the calculation of benefits, he at times makes statements directly contradictory to his request. Indeed, at points in his initial memorandum he says that "this case must be remanded for proper consideration of Mr. Tomlinson's statements and subjective complaints," Pl.'s Mem. Supp. Mot. J. Pleadings 24, and that "this case must be remanded for proper consideration of . . . new evidence," *id.* at 22.

4

Tomlinson's RFC, and given the current circumstances it is for the ALJ to reconsider his RFC determination.

Remand, therefore, will serve the important purpose of allowing the ALJ to revisit the difficult factual record unencumbered by the mistakes of his first decision and reassess Tomlinson's RFC.  The ALJ will then be able to engage in new analysis at step five to decide whether other jobs exist for Tomlinson in light of his RFC and vocational factors.  Accordingly, remand for reconsideration of whether Tomlinson is disabled is the appropriate course.

In ordering this remand, however, I am mindful that a significant period of time has elapsed since Tomlinson first filed his applications for SSD and SSI in 2007.  Because "a remand is within the discretion of a district court, the principles calling for some evaluation of relative hardships that govern a discretionary selection of alternative remedies apply, and the hardship to a claimant of further delay should be considered." *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004).  Considering the past delay in processing Tomlinson's application, as well as the ongoing hardship to Tomlinson of further delay, I conclude that the remedy I order here must be governed by a strict time limit. *See id.*; *Zambrana v. Califano*, 651 F.2d 842. 844 (2d Cir. 1981) ("The remanding court is vested with equity powers and . . . may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action.  Accordingly, it may when appropriate set a time limit for action by the administrative tribunal . . . ." (quoting *Ford Motor Co. v. NLRB*, 305 U.S. 364, 373 (1939)) (internal quotation marks and citations omitted)).  A final decision of the ALJ should be issued within 90 days of this Order and, in the event the ALJ denies benefits, the Commissioner should render his final decision within 60 days of Tomlinson's appeal from the ALJ's determination.  If the ALJ or the

Commissioner fails to meet these deadlines, "a calculation of benefits owed [Tomlinson] must be made immediately." *Butts*, 388 F.3d at 387.

## CONCLUSION

For the reasons provided herein, this case is remanded to the Commissioner for reconsideration of Tomlinson's RFC and step five of the analysis. The ALJ must issue a decision within 90 days of this Order and the Commissioner must render a decision on any appeal by Tomlinson to the ALJ's decision within 60 days of that appeal.

So ordered.

John Gleeson, U.S.D.J.

Dated: February 2, 2012
      Brooklyn, New York